UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Genmar Holdings, Inc.,<br>Genmar Industries, Inc., an Indirect Subsidiary of Genmar Holdings, Inc.,<br>and<br>Lund Boats,<br>a Division of Genmar Industries, Inc.,<br><br>Plaintiffs,<br><br>vs.<br><br>Gary Duane Schultz,<br><br>Defendant. | Civil File No. 01-CV-639 JRT/RLE<br><br>**AMENDED STIPULATION AND ORDER VACATING ORDER FOR ATTACHMENT AND DIRECTING TRANSFER OF INVESTMENT ACCOUNTS** |

**IT IS HEREBY STIPULATED** by and between Plaintiffs Genmar Holdings, Inc., Genmar Industries, Inc., and Lund Boats, and Defendant Gary Duane Schultz, by and through their respective attorneys, that the April 17, 2001 Order for Attachment (attached hereto as Exhibit A; also attached to the Settlement Agreement as Exhibit A) concerning Defendant's investment accounts be vacated upon Plaintiffs' service of this Order upon the entities or their successors holding these accounts, as listed in Exhibit A (hereinafter "entities or their successors"). This stipulation and order does not in any way apply to the accounts at Farmers and Merchants State Bank of New York Mills, 11 North Walker Avenue, New York Mills, MN 56567 and at East Otter Tail County Credit Union, 101 Main Ave North, New York Mills, MN 56567.

The parties further stipulate that effective immediately upon the signing of this Order, all legal right to funds, equities, private placements, or other property in the accounts listed in



FILED ______
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ______
DEPUTY CLERK ______

Exhibit B shall be transferred to and become the property of Plaintiffs (Exhibit B contains substantially the same information as Exhibit D to the Settlement Agreement). If the entities or their successors hold any other account, asset, private placement, or property of Defendant's other than the accounts listed in Exhibit B, all legal right to these accounts, assets, private placements, or properties shall also be transferred to and become the property of Plaintiffs upon the signing of this Order, with the exception of Dain Rauscher account # 1101-7220-2184 and Lincoln Financial Group account # 96-9092849, which shall remain the property of Defendant or his wife, Barbara Schultz.

The parties further stipulate that Plaintiffs shall serve this Order upon each entity or its successor and Plaintiffs only will ensure that the Order is served. The parties further stipulate that each entity or its successor shall provide sworn proof of this transfer as set forth in Exhibit C (Exhibit C is identical to Exhibit B in the February 7, 2002, Order of this Court).

Dated: March 19, 2002

DORSEY & WHITNEY LLP

By [signature]
Janice M. Symchych (#10811X)
Mitchell W. Granberg (#0285687)
220 South Sixth Street
Minneapolis, MN 55402-1498
(612) 340-2600

Attorneys for Plaintiffs Genmar Holdings, Inc., Genmar Industries, Inc.,
an Indirect Subsidiary of Genmar Holdings, Inc., and Lund Boats,
a Division of Genmar Industries, Inc.

Dated: March 11, 2002

GREENE ESPEL, P.L.L.P.

By [signature]
Andrew M. Luger (#189261)
William P. Hefner (#258349)
333 South 7th Street, Suite 1700
Minneapolis, MN 55402

Attorneys for Defendant
Gary Duane Schultz

Pursuant to the Stipulation of the parties, **IT IS HEREBY ORDERED**:

1. That this Order does not in any way apply to the accounts at Farmers and Merchants State Bank of New York Mills, 11 North Walker Avenue, New York Mills, MN 56567 and at East Otter Tail County Credit Union, 101 Main Ave North, New York Mills, MN 56567.

2. That the April 17, 2001 Order for Attachment (attached as Exhibit A) concerning Defendant's investment accounts is vacated upon Plaintiffs' service of this Order upon the entities or their successors holding these accounts, as listed in Exhibit A (hereinafter "entities or their successors").

3. Effective immediately upon the signing of this Order, all legal right to the funds, equities, private placements, or other property in the accounts listed in Exhibit B shall be transferred to and become the property of Plaintiffs.

4. If the entities or their successors hold any other account, asset, private placement, or property of Defendant's other than the accounts listed in Exhibit B, all legal right to these accounts, assets, private placements, or properties shall also be transferred to and become the property of Plaintiffs upon the signing of this Order, with the exception of Dain Rauscher

account # 1101-7220-2184 and Lincoln Financial Group account # 96-9092849, which shall remain the property of Defendant or his wife, Barbara Schultz.

5. Plaintiffs shall serve this Order upon each entity and successor and Plaintiffs only will ensure that the Order is served.

6. Each entity or successor is hereby ordered to provide all such accounts, assets, private placements, or property to Plaintiffs upon service of this order and provide sworn proof of this transfer as set forth in Exhibit C.

Dated: March 20, 2002

John R. Tunheim
Judge of United States District Court
For the District of Minnesota