UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

---

Genmar Holding, Inc.,
Genmar Industries, Inc. an Indirect
Subsidiary of Genmar Holdings, Inc.,
and Lund Boats, a Division of Genmar
Industries, Inc.

Case File No. 01-CV-639 (JRT/RLE)

Plaintiffs,

**AFFIDAVIT OF**
**JAMES J. LONG**

v.

Gary Duane Schultz,

Defendant.

---

STATE OF MINNESOTA )
) ss.
COUNTY OF HENNEPIN )

James J. Long, being first duly sworn, deposes and states as follows:

1. I am an attorney representing Plaintiffs Genmar Holding, Inc., Genmar Industries, Inc., and Lund Boats, Industries, Inc. ("Plaintiffs" or "Genmar"). I am a shareholder at Briggs and Morgan, P.A., and am admitted to practice law in the State of Minnesota, Registration No. 190858, and in the United States District Court, District of Minnesota. I have personal knowledge of the facts contained herein.

2. Attached hereto as **Exhibit A** is a true and correct copy of the Settlement Agreement, dated January 10, 2002, between Genmar and Gary Schultz, Barbara Schultz, Lance Schultz, Kirsten Schultz, and Drew Schultz (the "Settlement Agreement").

3. Attached hereto as **Exhibit B** are true and correct copies of the Order of Attachment, dated April 17, 2001, and the Supplemental Order for Attachment, dated April 23, 2001.

4. Attached hereto as **Exhibit C** is a true and correct copy of the Order retaining jurisdiction to enforce the Settlement Agreement, dated January 22, 2002.

5. Attached hereto as **Exhibit D** is a true and correct copy of the Confession of Judgment, dated January 26, 2002.

6. Gary Schultz, Barbara Schultz and the other Schultz family members executed the Settlement Agreement, Exhibit A, on January 10, 2002. Paragraph II.C.4.d of the Settlement Agreement addressed a certain parcel of real property. The Settlement Agreement required Barbara Schultz to "use her best efforts to sell a portion of [that parcel]...within 120 days of the execution of the Agreement

7. Barbara Schultz has yet to comply with this paragraph of the Settlement Agreement. The property was not sold within 120 days of execution of the Settlement Agreement. The Settlement Agreement provided that "if the parcel is not sold within 120 days of the execution of this agreement, Barbara shall execute a warranty deed to Plaintiff."

8. Genmar, directly and by and through counsel, including the undersigned counsel, corresponded with the Schultz's counsel, Andrew Luger of Greene Espel, P.L.L.P., on numerous occasions seeking compliance with paragraph II.C.4.d of Settlement Agreement. On or about October 8, 2002, Laura Krenz from Lindquist and Vennum, P.L.L.P, contacted Mr. Luger, seeking compliance with the Settlement Agreement and requesting execution of the warranty deed. On October 9, 2002, Mr. Luger responded to me, requesting that Genmar allow Barbara Schultz to pay Genmar $65,000 in satisfaction of paragraph II.C.4.d of the Agreement, which

Schultz would obtain through a loan on the property. Mr. Luger told me that Mrs. Schultz would obtain a $65,000 loan against the property, and pay the proceeds to Genmar.

9. I replied to Mr. Luger that Genmar would accept the $65,000 if Schultz paid within three weeks. A week later, Mr. Luger advised that Schultz was in the process of obtaining the loan, but that it might take slightly more than three weeks. He indicated that there would be no problem with Mrs. Schultz obtaining the $65,000 loan. I asked Mr. Luger to keep me advised and proceed as quickly as possible.

10. In mid-November, I contacted Mr. Luger again to obtain payment. Mr. Luger replied that prior to paying the amount owed, Barbara Schultz wanted to know the status of another, unrelated parcel of property. Although Genmar's rights under paragraph II.C.4.d. of the Settlement Agreement are independent of that or any other issue, Genmar resolved the other issue before pressing for payment of the $65,000. However, in spite of the resolution of the unrelated property issue, Schultz did not make the $65,000 payment or tender a warranty deed to Genmar.

11. In mid-January, 2003, I again contacted Mr. Luger. Mr. Luger informed me that he no longer represented the Schultz's, and that I should contact Mrs. Schultz directly.

12. On January 21, 2003, I wrote to Barbara Schultz directly, as she was no longer represented by counsel, to obtain performance of paragraph II.C.4.d. Attached as **Exhibit E** is a true and correct copy of my January 21, 2003 letter. Schultz replied on January 26, 2003 that she had applied for Legal Services and would not respond to requests for compliance with the Settlement Agreement until she was able to secure counsel. Attached as **Exhibit F** is a true and correct copy of Mrs. Schultz' January 26, 2003 letter. I have yet to receive any further response from Mrs. Schultz.

FURTHER AFFIANT SAYETH NOT.

James J. Long

Subscribed and sworn to before me this
26th day of February, 2003.

Notary Public

CHRISTEL K. RICE
NOTARY PUBLIC-MINNESOTA
ANOKA COUNTY
MY COMMISSION EXPIRES 1-31-2005