UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Genmar Holdings, Inc.,
Genmar Industries, Inc., an Indirect Subsidiary of Genmar Holdings, Inc.,
and
Lund Boats,
a Division of Genmar Industries, Inc.,

Plaintiffs,

vs.

Gary Duane Schultz,

Defendant.

Civil File No. 01-CV-639 JRT/RLE

**ORDER**

Upon stipulation of the parties and concurrence of the Court herewith, **IT IS HEREBY ORDERED**:

That this Court will maintain continued jurisdiction throughout the term of the Settlement Agreement. Defendant need not respond to Plaintiffs' Complaint.

Dated: Jan. 22, 2002

John R. Tunheim
Judge of United States District Court
For the District of Minnesota

FILED 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK



EXHIBIT C

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| Genmar Holdings, Inc., Genmar Industries, Inc., an Indirect Subsidiary of Genmar Holdings, Inc., and Lund Boats, a Division of Genmar Industries, Inc., Plaintiffs, | ) | Civil File No. 01-CV-639 JRT/RLE |
| vs. | ) | **CONFESSION OF JUDGMENT** |
| Gary Duane Schultz, Defendant. | ) | |

Pursuant to Minn. Stat. § 548.22 and Federal Rules of Civil Procedure 54, 58(a), and 69(a), Defendant Gary Duane Schultz ("Schultz") hereby executes this Confession of Judgment and confesses and agrees as follows:

1. Schultz confesses to judgment in this matter in favor of Plaintiffs in the amount of $13,501,249.15.

2. On or about January 10, 2002, Plaintiffs entered into a Settlement Agreement ("Agreement") with Schultz, wherein Plaintiffs covenanted and agreed that the full payment by Schultz under the terms of the Agreement will constitute full and complete satisfaction of all obligations owed by Schultz to Plaintiffs.

3. Schultz agrees to the enforcement of this Confession of Judgment pursuant to the Agreement, and in lieu of Federal Rule of Civil Procedure 69(a).

4. Schultz agrees that Plaintiffs may pursue enforcement procedures of Federal Rule of Civil Procedure 69(a) upon Plaintiffs' motion and notice of motion in the event that Schultz

**EXHIBIT D**

**EXHIBIT B**

fails to abide by payment terms as required by the Agreement. Schultz agrees that he shall be liable for the attorneys fees in enforcing the Confession of Judgment.

5. The Plaintiffs agree that if they enforce this Confession of Judgment pursuant to Federal Rules of Civil Procedure 69(a), they will, if called upon by Schultz, cause to be delivered releases, quit claim deeds, or other documents appropriate to ensure that property of Schultz fairly disclosed at the time of the Agreement or acquired after the date of the Agreement either in exchange for assets that were disclosed at the time of the Agreement or in exchange for new value, such as services rendered after the date of the Agreement, will be exempt from judgment.

6. Plaintiffs agree to amend the Confession of Judgment to reflect any downward adjustment in the total amount of wrongfully and fraudulently converted and embezzled monies revealed through documents uncovered or revealed after the execution of this Agreement that show repayments made to Plaintiffs by Schultz.

7. This Confession of Judgment is governed by and subject to the Agreement, and shall be interpreted and construed according to its terms. Nothing in this Confession of Judgment shall prevent either party from enforcing the terms of the Agreement.

Dated: 1-26-02

[signature]
**Gary Duane Schultz**

Dated: 1-30-02

**GENMAR HOLDINGS, INC.**

By [signature]

Its Sr VP

Dated: 1-30-02

**GENMAR INDUSTRIES, INC.**

By Mary P McCl

Its VP

Dated: 1-30-02

**LUND BOATS**

By Mary P Mc

Its VP

2400 IDS CENTER
80 SOUTH EIGHTH STREET
MINNEAPOLIS, MINNESOTA 55402
TELEPHONE (612) 334-8400
FACSIMILE (612) 334-8650

**BRIGGS AND MORGAN**

PROFESSIONAL ASSOCIATION

WRITER'S DIRECT DIAL

(612) 334-8582
WRITER'S E-MAIL

jlong@briggs.com

January 21, 2003

**BY CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Barbara Schultz
43178 County Highway 137
New York Mills, MN 56567

Re: **Parcel No. R33000080047000**

Dear Mrs. Schultz:

I represent Genmar Holdings, Inc. ("Genmar") and I am writing to obtain performance of paragraph IIC.4.d of the Settlement Agreement between Genmar and you and Mr. Schultz concerning the above-referenced real property. I am writing to you directly because Andrew Luger has informed Genmar that he no longer represents you or Mr. Schultz. If you are represented by counsel, please forward this letter to counsel.

As you know, paragraph II.C.4.d of the Settlement Agreement between the Schultz family and Genmar provides:

> d. Barbara shall use her best efforts to sell a portion of Parcel No. R33000080047000 within 120 days of the execution of this Agreement, of which no less than $65,000 of the proceeds shall be transferred to Plaintiffs, along with proof of documentation of the sale. If the parcel is not sold within 120 days of the execution of this agreement, Barbara shall execute a warranty deed to Plaintiffs.

After 120 days had passed, and Genmar had received neither the $65,000 or the warranty deed, I contacted Andrew Luger, of Greene Espel, who represented Mr. Schultz and yourself at the time. Mr. Luger told me that the property had not been sold. I sought compliance with the Settlement Agreement and requested execution of the warranty deed. On October 9, 2002, Mr. Luger requested that Genmar allow you to pay Genmar $65,000 in satisfaction of paragraph II.C.4.d, which you would do by obtaining a $65,000 loan on the property. Genmar responded, that if you would pay within three weeks, that it would accept the $65,000. A week later, Mr. Luger advised that you were in the process of obtaining the loan, but that it might take slightly more than three weeks. In mid November, I contacted Mr. Luger to obtain payment. Mr. Luger

**EXHIBIT E**

responded that you wanted to know the status of property involving Mr. Roberts prior to paying the $65,000. Although Genmar's rights under paragraph II.C.4.d of the Settlement Agreement are independent of any other issue, we have waited until the Roberts' property issue was concluded. I understand from Attorney Laura Krenz of Lindquist & Vennum that the issue is resolved.

Genmar has waited for six months following the 120 day period, and needs compliance with paragraph II.C.4.d of the Settlement Agreement now. Genmar remains willing to accept payment of $65,000 within five (5) days of receipt of this letter, or otherwise will require execution of the warranty deed provided for in the Settlement Agreement. Please advise me of your plans when you receive this letter. If you do not comply with the Settlement Agreement within five (5) business days of receipt of this letter, Genmar will enforce the Settlement Agreement through the Court. We would prefer not to bother the Court with this issue, but we will do so if the issue is not resolved promptly. You, or your attorney, if you are represented by counsel, can contact me at (612) 334-8582.

Very truly yours,

James J. Long

JJL/krw
cc: Bill Lutz

FEB 3 2003

January 26, 2003

Mr. James Long
2400 IDS Center
80 South 8th Street
Minneapolis, MN 55402

Mr. Long

Please be advised I have applied for Legal Services at this time. Therefore, I will not respond regarding the payment to Genmar until I have been able to secure counsel.

Sincerely,

Barbara A. Schultz

Barbara A. Schultz

**EXHIBIT F**

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

---

Genmar Holding, Inc.,
Genmar Industries, Inc. an Indirect Subsidiary of Genmar Holdings, Inc., and Lund Boats, a Division of Genmar Industries, Inc.

Case File No. 01-CV-639 (JRT/RLE)

Plaintiffs,

**ORDER ENFORCING SETTLEMENT AGREEMENT**

v.

Gary Duane Schultz,

Defendant.

---

This matter comes before the Court upon Plaintiffs' Motion to Enforce the Settlement Agreement, through which Plaintiffs seek to enforce full compliance with paragraph II.C.4.d of the Settlement Agreement between the parties. The Settlement Agreement was entered into on January 10, 2002. This Court retained jurisdiction to enforce it in an Order dated January 22, 2002.

**Therefore,** based upon the files, records, pleadings and proceedings herein, and the arguments of counsel,

**IT IS HEREBY ORDERED:**

1. Plaintiffs' Motion is GRANTED.

2. Defendant is ordered to deliver an executed warranty deed in the form of Exhibit A to this Order to Plaintiffs' counsel within five (5) business days of entry of this Order.

3. Defendant is ordered to pay the attorneys fees and costs of bringing this Motion.

Let Judgment Be Entered Accordingly.

Dated: ____________________

____________________________________
The Hon. John R. Tunheim
United States District Judge

MD WARRANTY DEED

Form No. 3-M

Miller-Davis Legal Forms
Minnesota Uniform Conveyancing Blanks (1978)

No delinquent taxes and transfer entered; Certificate of Real Estate Value ( ) filed ( ) not required
Certificate of Real Estate Value No.______

______
(Date)

______
County Auditor

by ______
Deputy

(reserved for recording data)

DEED TAX DUE HEREON: $ 1.65

Date: March ___, 2003

FOR VALUABLE CONSIDERATION, **Barbara A. Schultz** and **Gary D. Schultz**, wife and husband, and **Tammy Peters** and ___________ **Peters**, wife and husband, Grantors, hereby convey and warrant to **Genmar Industries, Inc.**, a Delaware corporation, Grantee, real property in Otter Tail County, Minnesota, described as follows:

The W ½ of SW ¼ and the W ½ of NW ¼, all in Section 8, Township 136, Range 37, Otter Tail County, Minnesota,

together with all hereditaments and appurtenances belonging thereto.

Consideration for this conveyance is less than $500.00

Grantors certify that Grantors do not know of any wells on the described real property.

*Affix Deed Tax Stamp Here*

______
Barbara A. Schultz

______
Gary D. Schultz

STATE OF MINNESOTA
}SS.
COUNTY OF ______

The foregoing instrument was acknowledged before me this ____ day of March, 2003, by Barbara A. Schultz and Gary D. Schultz, wife and husband, Grantors.

NOTARIAL STAMP OR SEAL (OR OTHER TITLE OR RANK)

______
SIGNATURE OF PERSON TAKING ACKNOWLEDGEMENT

**EXHIBIT A**

______________________________
Tammy Peters

______________________________
__________ Peters

STATE OF MINNESOTA
}SS.
COUNTY OF ____________

The foregoing instrument was acknowledged before me this ____ day of March, 2003, by Tammy Peters and __________ Peters, wife and husband, Grantors.

NOTARIAL STAMP OR SEAL (OR OTHER TITLE OR RANK)

______________________________
SIGNATURE OF PERSON TAKING ACKNOWLEDGEMENT

Check here if part or all of the land is Registered (Torrens) ☐

Tax Statements for the real property described in this instrument should be sent to (Include Name and address of Grantee):

Genmar Industries, Inc.
2900 IDS Center
80 South Eighth Street
Minneapolis, MN 55402

THIS INSTRUMENT WAS DRAFTED BY (NAME AND ADDRESS)

Lindquist & Vennum P.L.L.P. (LLK)
4200 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402
(612) 371-3211

AFFIDAVIT OF SERVICE BY MAIL

STATE OF MINNESOTA )
) ss. Court File No. 01-CV-639 (JRT/RLE)
COUNTY OF HENNEPIN )

Christel K. Rice, being first duly sworn, deposes and states that on the 26th day of February, 2003, she served the attached

1. Notice of Motion and Motion Enforcing Settlement Agreement;

2. Memorandum in Support of Motion to Enforce Settlement Agreement;

3. Affidavit of James J. Long; and

4. Order Enforcing Settlement Agreement.

upon:

Gary Duane Schultz
Inmate Reg. #10535-041
Duluth FPC
P. O. Box 1400
6902 Airport Road
Duluth, MN 55814

Barbara Schultz
43178 County Highway 137
New York Mills, MN 56567

(Which is the last known address of said attorney) by depositing a true and correct copy thereof in the United States mail, postage prepaid.

Christel K. Rice
Christel K. Rice

Subscribed and sworn to before me this
26th day of February, 2003.

Kathleen A. Bowen
Notary Public

KATHLEEN A. BOWEN
Notary Public
Minnesota
My Commission Expires Jan. 31, 2005