UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

---

Genmar Holding, Inc., et al.,

Case File No. 01-CV-639 (JRT/RLE)

Plaintiffs,

v.

Gary Duane Schultz,

Defendant.

**AFFIDAVIT OF KEVIN M. MAGNUSON**

---

STATE OF MINNESOTA )
) ss.
COUNTY OF HENNEPIN )

Kevin M. Magnuson, being first duly sworn, deposes and states as follows:

1. I am an attorney with the law firm of Briggs and Morgan, P.A. in Minneapolis, Minnesota, representing Plaintiffs Genmar Holding, Inc., Genmar Industries, Inc., and Lund Boats, a Division of Genmar Industries, Inc. (collectively "Genmar") in the above-captioned matter, and have personal knowledge of the facts contained herein.

2. This Court granted an Order Enforcing Settlement Agreement in this matter on August 28, 2003. Attached hereto as **Exhibit A** is a true and correct copy of that Order.

3. Barbara and Gary Schultz did not tender payment of $65,000 to Genmar by May 10, 2002 pursuant to the Settlement Agreement. In lieu of payment they also have not convey to Genmar their interest in the property at issue in a valid warranty deed pursuant to the Settlement

Agreement, this Court's February 7, 2002 judgment entered pursuant to the Settlement Agreement, a true and correct copy of which is attached hereto as **Exhibit B**, and this Court's August 28, 2003 Order enforcing the Settlement Agreement. The Schultz's are in breach of the Settlement Agreement and in violation of two orders of this Court.

4. Immediately after the Court issued its Order enforcing the Settlement Agreement, the Court contacted the undersigned counsel for Genmar and requested that Genmar wait 45 days to compel compliance with the Order. The Court stated that after the Order issued it had received a letter from Barbara Schultz dated prior to the Court Order.

5. After the 45-day period lapsed on October 13, 2003, I sent a letter dated October 29, 2003 to Barbara Schultz, who then was not represented by counsel, demanding compliance with the Court's Order enforcing the Settlement Agreement, a true and correct copy of which is attached hereto as **Exhibit C**.

6. In February, 2004, I telephoned Barbara Schultz directly and left messages on her answering machine advising her that Genmar had received no response to its demand for compliance with the Court's Order and advising that it was about to file a motion for contempt of court.

7. I also called attorney Brenda Velde of the Velde Law Firm, Ltd. in Alexandria, Minnesota, who had previously represented Barbara Schultz. Velde informed me that she was not currently representing Schultz but would relay a message to Schultz encouraging her to comply with the Court's orders.

8. Shortly thereafter, Velde informed me that Barbara Schultz had agreed to return the completed warranty deed to Genmar. However, in March, 2004 I received a copy of the

warranty deed with only the unnotarized signature of Barbara Schultz. A true and correct copy of the incomplete deed is attached hereto as **Exhibit D**.

9. I immediately telephoned Velde and informed her that the warranty deed was incomplete and unsatisfactory. Velde subsequently confirmed in a letter dated May 7, 2004, a true and correct copy of which is attached hereto as **Exhibit E**, that she would advise her client of the insufficiency of the warranty deed. Genmar has not received a valid warranty deed or any communication from Schultz at the time of the filing of this motion.

10. On June 4, I again telephoned Velde to let her know that we were again in the process of preparing a motion for contempt of court seeking direct conveyance of the property via court order. I informed her that we had done some research into the property and the we believe that it was worth far more than what the Schultz's had represented in the Settlement Agreement. I also informed Velde that we had discovered that a secondary lien on the property had been reduced substantially. Based on that information, I strongly recommended that Schultz and her sister, to avoid partition and sale of the property, make a concerted and timely effort to secure a mortgage and offer to pay to Genmar the $65,000 originally contemplated in the Settlement Agreement. On June 7, I again telephoned Velde to inform her that we would not delay filing the contempt motion while her client considered her options.

11. Attached hereto as **Exhibit F** is a true and correct copy of the title commitment on the property in question dated December 12, 2003.

12. Attached hereto as **Exhibit G** is a true and correct copy of *Mortgagelinq Corp. v. Gottfried*, No. 91-1618, 1992 WL 174723 (E.D.Pa. July 21, 1992).

13. Attached hereto as **Exhibit H** is a true and correct copy of *Rousseau v. 3 Eagles Aviation, Inc.*, No. 02-0208, 2004 WL 193108 (E.D.La., Jan. 28, 2004).

FURTHER AFFIANT SAYETH NOT.

[signature]
Kevin M. Magnuson

Subscribed and sworn to before me
this 17th day of June, 2004.

[signature: Lonna M. Cosman]
Notary Public

LONNA M. COSMAN
Notary Public
Minnesota
My Commission Expires Jan. 31, 2005